UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-22060-CIV-MORENO**

ARKEYVEYIA BENT,

      Plaintiff,

vs.

FT. LAUDERDALE HOSPITALITY, INC.,
d/b/a RED CARPET INN,

      Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation upon the Court's Order Referring the Matter of the Attorney Charging Lien for an Evidentiary Hearing (D.E. 32) filed on **January 28, 2020** and Mr. Negahbani's Motion for Attorney's Fees (D.E. 52), filed on **May 28, 2020**. The Magistrate Judge filed a Report and Recommendation (D.E. 53) on **June 12, 2020**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that the Motion for Attorney's Fees by Plaintiff's Former Counsel, Sina Negahbani is GRANTED in the amount of $9,343.50 in attorney's fees and $500 in costs. For which sums let execution issue.

Plaintiff does not object to the Magistrate Judge's finding that Mr. Sina Negahbani's attorney charging lien is valid. She also does not object to the Magistrate Judge's findings that Mr. Negahbani was constructively discharged from the case and that his work contributed to the ultimate settlement. Plaintiff does not contest the costs award. Rather, for the first time, and after having an opportunity to brief the issue before the Magistrate Judge, Plaintiff raises an objection as to the amount of the *quantum meruit* award and argues that it is capped by the settlement amount in this case, an amount which she refused to provide to Mr. Negahbani. *See Response in Opposition to Motion to Compel Discovery* (D.E. 30). In response to Mr. Negahbani's request for discovery related to the settlement in this case, Plaintiff argued that Mr. Negahbani was only "entitled to fees based on *quantum meruit*" and that "any distribution of attorney's fees out of Plaintiff's recovery would be calculated on an equitable *quantum meruit* basis rather than on a contingent basis." The Court agreed and referred the matter for an evidentiary hearing. After conducting the evidentiary hearing, the Magistrate Judge found Mr. Negahbani's evidence credibly established a valid charging lien, and she ordered Mr. Negahbani to file a brief as to the amount of fees, which he did based on a lodestar method for work done by him and his paralegal. The Magistrate Judge afforded Plaintiff an opportunity to file a response brief on the amount of fees by a date certain. Plaintiff neither responded to Mr. Negahbani's brief on the amount of fees nor moved for an extension of time to do so. Rather, Plaintiff is now for the first time in her objections arguing that the amount of fees needs to be commensurate with the amount of the settlement. This Court exercises its discretion to decline to consider an argument that was not first presented to the Magistrate Judge and is being raised for the first time in the objections to the Magistrate Judge's Report. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). "Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearse if a party were allowed to feint

and weave at the initial hearing, and save its knockout punch for the second round." *Id.* (citations omitted).  This is especially true where, as here, the Plaintiff took a contrary position earlier in the litigation with respect to the impact of the settlement agreement on the attorney charging lien.

Even if the Court addressed Plaintiff's objection that the contingency agreement with Mr. Negahbani would net him a significantly lower sum than what the Magistrate Judge awarded, the Court notes the Plaintiff's objection is based on a misreading of the parties' contract. The agreement states that "[i]f Client settles the claim without the consent of Firm, the Firm shall be entitled to a fee payment based upon a percentage of any gross recovery or the lodestar amount, whichever is greater." The Magistrate Judge employed the lodestar method to determine the *quantum meruit* award, which was also consistent with the parties' contract given. Accordingly, the Magistrate Judge's Report and Recommendation is ADOPTED and the Court awards $9,343.50 in attorney's fees and $500 in costs.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd of July 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record