UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22060-WILLIAMS/LOUIS

ARKEYVEYIA BENT,

    Plaintiff,

v.

FT. LAUDERDALE HOSPITALITY, INC.,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff Arkeyveyia Bent's ("Bent") Motions Requesting Hearing (ECF Nos. 69, 72). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Kathleen M. Williams, United States District Judge (ECF No. 71). Having reviewed the Motions, Responses by Sina Negahbani, Plaintiff's former counsel (ECF Nos. 73, 74), and being otherwise duly advised on the matter, the Court hereby **GRANTS** Bent's request for a hearing.

This dispute arises from post-settlement efforts to collect on an attorney lien. On March 17, 2021, a writ of garnishment was issued upon Bent's bank, TD Bank, N.A. ("TD Bank") in the amount of $24,992.40 (ECF No. 65). A Notice/Certificate of Service on Plaintiff of Garnishee's Answer and Notice of Right to Dissolve was subsequently filed by attorney Negahbani (ECF No. 68). The Notice/Certificate of Service indicated that a copy of said documents was sent to Bent via U.S. Mail at both her previous address and her current address of record.

1

On March 29, 2021, Bent filed her first request for hearing in which she claims, among other things, that she did not receive notice of the garnishment at her current address and that the money being held by her bank is for unpaid bills (ECF No. 69). Plaintiff then supplemented her request by filing a Claim of Exemption Form pursuant to Fla. Stat. § 77.041.

Florida Statute Section 77.041 requires that a notice of rights against garnishment of wages, money, and other property be attached to a writ issued to an individual. The statute specifies that notice must include instructions to claim an exemption from garnishment. Specifically, a disputing party must complete the form provided within the notice ("Claim of Exemption Form") and file the form within 20 days after the date on which notice of the garnishment was received. Fla. Stat. § 77.041(1). The disputing party must also mail a copy of the Claim of Exemption Form to the garnishor and the garnishee or their attorneys. *Id.* Upon the filing of the Claim of Exemption Form, the Court is required to hold a hearing "as soon as is practicable to determine the validity of the claimed exemptions." Fla. Stat. § 77.041(3).

Attorney Negahbani notes in his response[1] that Bent failed to mail a copy of the Claim of Exemption Form to him and failed to complete the portion of the form certifying such a copy was sent. Notwithstanding this failure by *pro se* party Bent,[2] Negahbani asserts no prejudice resulting from Bent's failure, as he was put on notice of Bent's Claim of Exemption Form through its filing and was able to timely respond. Accordingly, the Court will recognize the Claim of Exemption as filed and will conduct an evidentiary hearing on the validity of the claimed exemptions.

---

[1] Counsel's responses in these proceedings venture beyond the line of advocacy; they have become unnecessarily disparaging and distractingly caustic. Consistent with the Florida Bar Oath of Admission, counsel is admonished to adhere to his pledge to "abstain from all offensive personality and advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause."

[2] Plaintiff Bent should not expect leniency from the Court on matters of procedure going forward. Although the Court is mindful of Plaintiff's *pro se* status, *pro se* litigants must abide by this Court's orders and procedural rules. *See Silverthorne v. Yeaman*, 668 F. App'x 354, 355 (11th Cir. 2016).

A preliminary telephonic hearing is set for May 20, 2021 at 9:30 a.m. to address available dates for an evidentiary hearing, as well as the procedures to be followed and the evidence to be advanced during this evidentiary hearing. Attendance can be made by following the dial-in instructions: dial 1 (866) 434-5269, enter access code number 9978869 followed by the (#) sign, enter security code number 5710 followed by the (#) sign.

**DONE AND ORDERED** in Chambers this on this 6th day of May, 2021.

_____

LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**